Leslie R. Weatherhead, ISB No. 3916
M. Gregory Embrey, ISB No. 6045
Witherspoon, Kelley, Davenport & Toole, P.S.
422 W. Riverside Avenue, 11th Floor
Spokane, WA  99201
Telephone:      (509) 624-5265
Facsimile:       (509) 458-2728
Email: lrw@witherspoonkelley.com
Email: mge@witherspoonkelley.com

*Attorneys for Sterling Savings Bank*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STERLING SAVINGS BANK, a Washington state chartered bank,<br><br>    Plaintiff,<br>  vs.<br><br>POLELINE SELF-STORAGE, LLC, an Idaho limited liability company, ROBERT M. JARRETT and JANICE K. JARRETT, husband and wife,<br>    Defendants. | Case No. 10-480<br><br>PLAINTIFF STERLING SAVINGS BANK'S RESPONSE TO DEFENDANTS' MOTION TO REMAND |

## I.      INTRODUCTION

Sterling Savings Bank ("Sterling") properly removed this class action under federal law.  Defendants/Counterclaim Plaintiffs Poleline Self-Storage, LLC, Robert M. Jarrett, and Janice K. Jarrett (collectively "Poleline") now move to remand.[1]  Poleline are engaged in precisely the sort of jurisdictional gamesmanship that Congress attempted to end with the

---

[1] Poleline also moved to take Sterling's default.  Since Sterling's response to that motion under Fed. R. Civ. P. 12 would be to move to dismiss for failure to state a claim, the parties have agreed to hold that matter in abeyance to preserve the status quo (neither side being deemed to have yielded its position), in light of the Court's prior ruling that for now the focus should be solely on the question of jurisdiction.  Poleline reserves its claim of right to renote the motion and Sterling reserves its claim of right to answer or move to dismiss prior to any hearing.

PLAINTIFF STERLING SAVINGS BANK'S RESPONSE TO
DEFENDANTS' MOTION TO REMAND - 1

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 2(b), 119 Stat. 4 (2005), codified as 28 U.S.C. §§ 1332(d), 1453, 1711-1715 (2006) ("CAFA"). Rather than accede to this Court's subject matter jurisdiction over Poleline's class action suit against Sterling Savings Bank ("Sterling"), newly-added class action counsel for a putative class of borrowers seeks to have the interstate class action claims against Sterling adjudicated in what they perceive to be the more favorable forum of Idaho's state courts.

In doing so, Poleline relies upon *obiter dicta* in Ninth Circuit cases which actually held that CAFA did not apply because these cases were prior to the effective date of CAFA. Despite Poleline's mistaken arguments to the contrary, this Court has not been divested of its power to exercise jurisdiction under the expansive removal authority conferred by Congress when a party, such as Sterling, is the target of an interstate class action lawsuit of this nature.

Poleline's principal argument in favor of remanding this case is one of strict adherence to the original alignment of the parties when this action was a simple collection action between a creditor (Sterling) and debtor that failed to pay its bills (Poleline). Since then, the nature of this action has been proposed to be changed dramatically via Poleline's addition of class claims and Poleline's reliance upon prior cases that did not interpret or envision the expansive removal authority in CAFA is misplaced. Rather than attempting to force the removal authority question at bar within the confines of the U.S. Supreme Court's 69-year-old holding in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), this Court should instead join its sister U.S. District Court for the Northern District of Ohio in recognizing that Congress' declared intent, and the precise language utilized in CAFA's removal provisions, dictate that this matter be kept in the forum that Congress intended for large, multi-state class actions with interstate commerce implications - federal court.

PLAINTIFF STERLING SAVINGS BANK'S RESPONSE TO DEFENDANTS' MOTION TO REMAND - 2

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

Moreover, the Court should exercise its inherent power to realign the parties in a manner that corresponds to their actual and respective interests in the litigation.  Sterling did not commence any action against the Class Members that Poleline purports to represent in its causes of action against Sterling.  Thus, the Class Members are neither defendants nor *counter*claimants, and should be appropriately realigned as plaintiffs against defendant Sterling Savings Bank.  As to the claims of the Class Members, Sterling's appropriate alignment as a defendant would satisfy even Poleline's misguided reading of CAFA's removal authority.

## II.      PROCEDURAL HISTORY

1.      On or about December 31, 2009, Sterling commenced this action against Poleline in the District Court of the First Judicial District of the State of Idaho, in and for the County of Kootenai ("State Court"), Case No. CV-09-10872.  Sterling's Complaint alleges that Poleline defaulted on certain loan obligations and sought foreclosure upon properties securing said obligations.

2.      Approximately three months later, on or about April 12, 2010, Poleline filed an Answer to Sterling's Complaint and alleged a counterclaim for detrimental reliance.[2] Poleline's Answer and Counterclaims did not assert any claims against Sterling on behalf of a class of individuals and did not claim damages based upon the 365/360 interest calculation.

3.      On or about May 27, 2010, Sterling filed its First Amended Complaint to correct an error in the exhibits attached thereto.

---

[2] Poleline's Motion to Remand erroneously represents that its initial counterclaims "set forth claims for relief based on breach of contract, promissory estoppel, and misrepresentation." (Motion to Remand Pg. 4).

PLAINTIFF STERLING SAVINGS BANK'S RESPONSE TO
DEFENDANTS' MOTION TO REMAND - 3

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

4.      On or about June 21, 2010, Poleline filed its Answer to Sterling's First Amended Complaint in the State Court.  Once again, Poleline did not assert any claims against Sterling on behalf of a class of individuals and did not claim damages based upon the 365/360 interest calculation.

5.      The primary matter in dispute was drastically changed on or about August 20, 2010, when Poleline filed an Amended Counterclaim to assert claims for breach of contract, promissory estoppel, negligent misrepresentation, breach of good faith and fair dealing, and class action claims targeting Sterling.

6.      In the pleadings that asserted class action claims against Sterling, Poleline's local counsel was joined (for the first time) by out-of-state attorneys from the law firm of Kahn Swick & Foti, which actively solicits, screens and carefully selects class action cases nationwide.  Kahn Swick & Foti, About Us, *at* http://www.ksfcounsel.com/lawfirm/about-us-C2 (last visited Nov. 8, 2010).

7.      On or about September 14, 2010, almost one month after his name first appeared on a pleading in this matter, Kahn Swick & Foti attorney Kevin Oufnac filed a Motion for Pro Hac Vice Admission with the Idaho State Court (no pro hac motion has yet been filed in this Court).

8.      As a result of Poleline's recent assertion of the class action claims, Sterling submitted a Notice of Removal to this Court on or about September 17, 2010, asserting subject matter jurisdiction under 28 U.S.C. § 1332(d) and removal authority pursuant to 28 U.S.C. §§ 1441(a) and 1453(b).

9.      On or about October 14, 2010, Poleline filed the pending Motion to Remand this class action to the State Court.  Poleline Motion's to Remand reveals the true reason

PLAINTIFF STERLING SAVINGS BANK'S RESPONSE TO
DEFENDANTS' MOTION TO REMAND - 4

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

behind its move to remand this case to State Court; it fears that this Court's decision in

*Federal Deposit Ins. Corp. v. Fox Creek Holding, LLC, et al*, 2010 WL 26677336, Slip Copy

(2010) will result in a dismissal of its counterclaims.

## III.   ARGUMENT

To the extent that Poleline's Motion to Remand this matter to the State Court does not

present any contrary argument, it is undisputed that CAFA grants the Court removal

jurisdiction over this case.  Thus, the principal issue at bar is whether CAFA provides removal

authority in a case removed by the target of a class action lawsuit.

Poleline would have this Court ignore Congress' manifest intent to expand federal

jurisdiction over such matters and instead rely upon principles first enunciated in judicial

opinions that preceded CAFA and contradict CAFA's plain language and declared intent.

In doing so, Poleline mistakenly asserts that "[e]very court that has considered this

argument with respect to counterclaim defendants such as [Sterling], which were the original

plaintiffs in the state court action, has rejected it."  (Poleline's Motion, page 3).  In truth, there

is a respectable division of opinion on this question among federal judges, some of which

have concluded that CAFA expanded removal authority to include counterclaim defendants.

Poleline's Motion to Remand this case further represents, as a holding, what is in

reality the *obiter dicta* of a Ninth Circuit panel.  This Court is entirely free to disregard this

dicta and adopt the better view that, by enacting CAFA, Congress clearly intended to provide

a federal venue for interstate class actions such as this.

Should the Court decline to adopt the argument that CAFA confers removal authority

upon counterdefendants in interstate class actions, it should nevertheless realign the parties in

a manner that corresponds to their actual and respective interests in this case.  As to the claims

PLAINTIFF STERLING SAVINGS BANK'S RESPONSE TO
DEFENDANTS' MOTION TO REMAND - 5

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

of the Class Members, Sterling's appropriate realignment as a defendant would comport with even the *obiter dicta* in the Ninth Circuit's decisions.

**A.      Removal Is Proper Because Poleline's Class Action Claim Meets All Of The Jurisdictional Requirements of CAFA Embodied in 28 U.S.C. §1332(d).**

Poleline is correct when it observes that "[a] case is removable only if its subject matter lies within federal jurisdiction and Congress has enacted a statute permitting removal." Motion to Remand, p. 6, *citing* 14B Charles Alan Wright et al., *Federal Practice and Procedure* § 3721 (3d ed., West 1998).  To this end, CAFA provides both removal jurisdiction (28 U.S.C. § 1332(d)) and removal authority (28 U.S.C. § 1453) for certain class action claims.

While acknowledging this important distinction between removal jurisdiction and removal authority at the outset of its argument, Poleline nevertheless conflates the two requirements in its Motion to Remand.  After boldly proclaiming that "[t]he Court does not have subject matter jurisdiction over this action", Poleline thoroughly fails to provide any justification for its assertion.  (Motion to Remand, pp. 1-2)  Instead of explaining how its class action claims fail to satisfy the jurisdictional requirements in 28 U.S.C. §1332(d), Poleline's entire argument focuses upon whether CAFA provides removal authority in the instant case.  To the extent that Poleline's Motion to Remand does not present any contrary argument, it is undisputed that this Court has removal jurisdiction under 28 U.S.C. §1332(d).

As amended by CAFA, §1332(d) vests federal courts with original jurisdiction over class actions in which: (1) the proposed class consists of one hundred or more members; (2) any member of the proposed class is a citizen of the state different from any defendant (i.e., minimum diversity exists); and (3) the amount in controversy is $5 million or more, aggregating all claims and exclusive of interests and costs.  *See* 28 U.S.C. §§ 1332(d)(2),

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

(d)(2)(A) and (d)(5)(B)[3]; *Lowdermilk v. U.S. Bank Nat. Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007).

Poleline purports to represent a class that "contains hundreds, if not thousands, of similarly situated persons and entities…"  Counterclaim, ¶ 57.  Thus, the requirement of CAFA that the putative class consist of more than one hundred members is satisfied.  28 U.S.C. §1332(d)(5)(B).

Poleline alleges residency in the State of Idaho.  Counterclaim, ¶¶ 26, 27, and 28. Sterling is, and was at the time of this action's commencement, a Washington State chartered commercial bank organized under the laws of the State of Washington with its principal place of business in Spokane, Washington.  Sterling is therefore a citizen of Washington for purposes of determining diversity.  28 U.S.C. §1332(c)(1).  The minimum diversity requirement of CAFA is therefore satisfied.  28 U.S.C. § 1332(d)(2)(A).

As sufficiently demonstrated in Sterling's Notice of Removal, Poleline's alleged "disgorgement" damages in excess of $5 million, when combined with Poleline's demands for injunctive relief and punitive damages, easily exceeds CAFA's amount in controversy requirement.  28 U.S.C. §1332(d)(2).

Poleline has failed to challenge any of the foregoing facts and this Court should determine, as a matter of law, that it has removal *jurisdiction* over Poleline's class action claims pursuant to 28 U.S.C. §1332(d).

**B.**     ***Removal Is Proper Because Sterling Has Removal Authority Under CAFA.***

---

[3] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23, or "similar State statute or rule of civil procedure," such as Idaho Rule of Civil Procedure 23. *See* 28 U.S.C. § 1332(d)(1)(B).

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

Despite Poleline's arguments to the contrary, the Court should find that CAFA grants Sterling removal authority because (1) Congress intended to eliminate procedural barriers to federal court for the targets of interstate class actions and (2) the plain language of 28 U.S.C. § 1453(b) authorizes removal by "any defendant."  While it must be acknowledged that there is a respectable division of opinion on this question, which the Ninth Circuit and U.S. Supreme Court have not yet put to rest, this Court should adopt the view that CAFA does provide removal authority for class action counterdefendants.

**1.**     **By Enacting CAFA, Congress Clearly Intended To Expand The Pool Of Parties Authorized To Remove Class Actions To Federal Court.**

CAFA's legislative history makes clear that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  *See*, e.g., S. REP. 109-14, at 43 (CAFA "is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in the federal court if properly removed by any defendant"); *Id*. at 35 (the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications"); *Id*. at 27 ("the Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy").

This strong preference in favor of removing interstate class actions to federal court represents Congress' attempt to remedy a situation in which "current law enables lawyers to 'game' the procedural rules and keep nationwide or multi-state class actions in state courts whose judges have reputations for readily certifying classes and approving settlements without regard to class member interests."  *Id*. at 4.

PLAINTIFF STERLING SAVINGS BANK'S RESPONSE TO
DEFENDANTS' MOTION TO REMAND - 8

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

Moreover, Congress recognized that these problems with jurisdictional gamesmanship were the result of courts strictly applying dated procedural requirements, which did not anticipate the nuances of modern class action litigation:

> The current rules governing federal jurisdiction have the unintended consequence of keeping most class actions out of federal court, even though most class actions are precisely the type of case for which diversity jurisdiction was created.  In addition, current law enables plaintiffs' lawyers who prefer to litigate in state courts to easily "game the system" and avoid removal of large interstate class actions to federal court.

*Id*. at 10.

It is beyond dispute that the principal purpose of CAFA was to remedy these problems by providing a fresh set of rules governing the removal of interstate class actions.  This fresh set of rules not only expanded the jurisdiction of federal courts to hear these cases, but also broadened the removal authority of parties defending against class actions:

> Because interstate class actions typically involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit, the Committee firmly believes that such cases properly belong in federal court.  To that end, this bill (a) amends section 1332 to allow federal courts to hear more interstate class actions on a diversity jurisdiction basis, and (b) modifies the federal removal statutes to ensure that qualifying interstate class actions initially brought in state courts may be heard by federal courts if any of the defendants so desire.

*Id*. at 5.

In short, Congress recognized that the status quo was subject to jurisdictional gamesmanship in the context of class action litigation and that a new set of rules was necessary in order to ensure that qualifying interstate class actions would be heard by federal courts.  It is plain, without contradiction by Poleline, that this Court possesses subject matter jurisdiction over this qualifying interstate class action under CAFA.  Sterling respectfully submits it should likewise be concluded that Poleline's class action claims against Sterling are

PLAINTIFF STERLING SAVINGS BANK'S RESPONSE TO
DEFENDANTS' MOTION TO REMAND - 9

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

qualifying interstate class actions under CAFA.  Therefore, these claims fall squarely within the bounds of CAFA's removal authority, as Congress intended they would.

In opposing removal of this action, Poleline attempts to subvert Congressional intent by taking part in a new form of jurisdictional gamesmanship, whereby class action lawyers can select their class representatives based merely upon their status as original defendants in a pending state court action.  Once these class action attorneys have screened and selected a class representative from a favorable jurisdiction, they are thereafter free to assert multiple class action counterclaims of particular significance to interstate commerce without ever fearing removal to the federal venue that Congress intended.  This alleged loophole, based entirely upon jurisprudence that preceded (and was modified by) CAFA's enactment, is incompatible with Congress' intent to stifle jurisdictional gamesmanship in class action litigation and should be rejected.

While Congress clearly intended a massive expansion of the number of class action claims in federal court, the Judiciary Committee acknowledged that certain class action claims would remain in the state courts:

> [CAFA] leaves in state court: (1) class actions in which all the plaintiffs and defendants are residents of the same state; (2) class actions with fewer than 100 plaintiffs; (3) class actions involving less than $5 million; (4) class actions in which a state government entity is the primary defendant; (5) class actions brought against a company in its home state, in which 2/3 or more of the class members are also residents; and (6) class actions involving certain local controversies.

*Id.* at 27.

This list did include interstate class actions that begin via a counterclaim, but otherwise satisfy all of the jurisdictional requirements of CAFA.  Based upon Congress' stated intent in enacting CAFA, it is no wonder why this is so.  Congress clearly intended that

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

large interstate class actions, which are best heard in federal court, should not be immune to removal.

**2.** **The Plain Language Of CAFA's Removal Authority Provision Represents A Departure From The Traditional Practice Of Limiting Removal Authority To Original Defendants.**

In order to determine that CAFA provides Sterling with removal authority in this case, the Court need not rely merely upon legislative history because the CAFA removal statute speaks for itself in providing said authority.

CAFA's removal authority provision, 28 U.S.C. §1453(b), provides that:

A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by *any* defendant without the consent of all defendants.

*Id.* (emphasis added).

When Congress enacted CAFA, it utilized precise language in 28 U.S.C. §1453(b) to achieve its intended result of expanding removal authority, conferring upon *any* defendant the right to remove a class action.  Poleline contends, simply because it sued Sterling in a counterclaim and not as an original defendant, that Sterling does not fall within the language of §1453(b).  This conclusion does not comport with the expansive language specifically selected by Congress.

The statutory language selected by Congress for 28 U.S.C. §1453 (b), with the conspicuous addition of the word "any", differs from that of the general removal statute.  28 U.S.C. §1441(a) provides that civil actions "may be removed by *the* defendant or *the* defendants."  (emphasis added).  The substitution of the word "any" in § 1453(b) is significant if this Court gives the word the plain and ordinary meaning attributed to it by the U.S.

PLAINTIFF STERLING SAVINGS BANK'S RESPONSE TO DEFENDANTS' MOTION TO REMAND - 11

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

Supreme Court, which declares that "[r]ead naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.' " *Ali v. Fed Bureau of Prisons*, 552 U.S. 214 (2008) (quoting *United States v. Gonzales*, 520 U.S. 1, 5 (1997) (quoting *Webster's Third New International Dictionary* 97 (1976))).  While the article "any" thus expands the noun that follows, the article "the" restricts its meaning.  *See Freytag v. Comm'r,* 501 U.S. 868, 902 (Scalia, J., concurring) (analyzing the definite article "the" as narrowing a class to specific "envisioned" members of the class); *Work v. United States,* 262 U.S. 200, 208 (1923); *Am. Bus Ass'n v. Slater,* 231 F.3d 1, 4-5 (D.C.Cir. 2000) ("[I]t is a rule of law well established that the definite article 'the' particularizes the subject which it precedes.")

The U.S. Supreme Court, in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106-08 (1941), relied upon the more restrictive and particularized words "*the* defendant" in the predecessor to 28 U.S.C. § 1441(a) to conclude that only an original defendant could remove to federal court.  However, §1453(b) significantly departs from the more restrictive language in §1441 by granting removal authority to "*any* defendant".  It cannot be denied that a counterclaim defendant, such as Sterling, is a "kind" of defendant and falls easily within "indiscriminately of whatever kind" of defendant.  Consequently, the expansive plain language of 28 U.S.C. § 1453(b) gives Sterling the authority to remove this class action to federal court.  This is particularly so where, as here, Congress has signaled its intent to expand the number of class actions removed to federal court.

It is also worth noting that the language, now appearing in § 1441(a), that the U.S. Supreme Court relied upon in *Shamrock Oil* to hold that only original defendants can remove a civil action to federal court, is precisely the same language that the U.S. Supreme Court, in

PLAINTIFF STERLING SAVINGS BANK'S RESPONSE TO DEFENDANTS' MOTION TO REMAND - 12

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

*Chicago, Rock Island & Pac. Ry. v. Martin*, 178 U.S. 245, 247 (1900), relied upon to hold that *all* defendants must consent to the removal of a civil action to federal court.

The words "any defendants" in 28 U.S.C. § 1453(b) clearly modifies the long-standing judicial rule in *Martin* that defendants must unanimously consent to removal.  Nevertheless, Poleline now argues that the addition of the words "any defendant" somehow do not alter the *Shamrock* rule.  This argument is untenable when one considers that both rules were derived from the same language, now appearing in § 1441(a), which refers to "*the* defendant or *the* defendants".  In response, Poleline may attempt to argue that it is not the substitution of the word "any," but rather the language "without the consent of all defendants" following "any defendant" in § 1453(b) that modifies the *Martin* rule.  Such a reading would be grammatically incorrect because the language "without the consent of all defendants" modifies the verb "may be removed" and cannot read back to narrow the meaning of "any defendant."  On the other hand, it is clear that the expansive word "any" modifies the word "defendant" and, due to the fact that this word overtly replaces the more restrictive "the," one must conclude that a more expansive pool of defendants are contemplated by CAFA's removal authority.

The plain language of 28 U.S.C. § 1453(b) clearly grants removal authority to Sterling in this case.  Just as the substitution of the words "any defendant" for "the defendants" overrules the judicially-created rule in *Martin*, this same substitution of words must overrule the judicially-created rule in *Shamrock*.  Moreover, the U.S. Supreme Court has given the word "any" a very expansive meaning, resulting in a natural reading of the CAFA removal provision as an unquestionable grant of removal authority to Sterling in this case.

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

3.      **There Is A Respectable Division Of Opinion On The Question Of Whether CAFA Permits A Counterclaim Defendant To Remove A Class Action Claim To Federal Court.**

While Poleline has identified federal courts that rely upon the 69-year-old principles in *Shamrock Oil* to decide this issue, they go too far in representing to the Court that "[e]very court that has considered this argument with respect to counterclaim defendants such as [Sterling], which were the original plaintiffs in the state court action, has rejected it."  Motion to Remand at 3.

In truth, there is a respectable division of opinion on this question that is evidenced, in part, by the case of *Deutsche Bank Nat'l Trust Co. v. Weickert*, 638 F. Supp. 2d 826 (N.D. Ohio 2009), in which the court agreed with Fourth Circuit Judge Niemeyer's dissenting opinion in *Palisades Collections LLC v. Shorts*, 552 F.3d 327, *cert. denied* --- U.S. ---, 129 S.Ct. 2826 (2009) that CAFA expanded removal authority to include counterclaim defendants.  The facts of *Deutsche Bank* are analogous to those in the present action.  There, a bank initiated foreclosure actions against the original defendants in state court.  *Deutsche Bank*, 638 F. Supp. 2d at 827.  In their answer to the foreclosure complaint, the original defendants counterclaimed with seven class actions against the bank and other newly-added parties.  *Id*.  As a result of the class claims, the case was removed to federal court pursuant to CAFA.  *Id*.

On these facts, the court in *Deutsche Bank* stated that "[c]oncluding that a lawsuit that otherwise qualifies under CAFA is not of national importance merely because the class-action plaintiffs brought the claim via counterclaims rather than an original complaint contravenes clear congressional intent."  *Id*. at 830.  In holding that removal was proper, the court explained that "[t]he plain test of CAFA, and the expressed congressional purpose in passing

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

the statute, support this Court['s] conclusion that 28 U.S.C. § 1453(b) authorizes class-action defendants, joined by way of counterclaim, to remove to federal court." *Id*.

Despite the fact that it cites *Deutsche Bank* in its Motion to Remand, Poleline ignores the rationale and holding of that case, which clearly favors removal and finds that "there is a legitimate basis for the difference of opinion" regarding the question of a counterclaim defendant's ability to remove a class action under CAFA. *Id*. at 831. Thus, Poleline's contention that "[e]very court that has considered this argument with respect to counterclaim defendants such as [Sterling], which were the original plaintiffs in the state court action, has rejected it" does not fairly depict the manifest differences of opinion among federal judges and should be rejected. Motion to Remand at 3.

Moreover, the court in *Deutsche Bank* does not stand alone on this issue and, in fact, relied heavily upon the dissenting opinion of the Fourth Circuit's Judge Niemeyer in *Palisades Collections LLC v. Shorts*, 552 F.3d 327, *cert. denied* --- U.S. ---, 129 S.Ct. 2826 (2009). In a 2-1 split decision, Judge Niemeyer's well-reasoned dissent concluded that both the legislative history and plain meaning of 28 U.S.C. 1453(b) granted removal authority to counterclaim defendants in class actions. *Palisades*, 552 F.3d at 342 (Niemeyer, dissenting).

There is a respectable division of opinion on this matter that deserves the Court's careful attention because it has not yet been resolved by the Ninth Circuit or Supreme Court.

**4.     The Ninth Circuit Has Never Held That A Counterclaim Defendant Is Precluded From Removing A Class Action Lawsuit To Federal Court Under CAFA.**

Poleline erroneously bases the majority of its argument against Sterling's proper removal of this action upon *obiter dicta* in Ninth Circuit panel cases that commenced prior to the effective date of CAFA and have no precedential effect upon this Court.

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

A judicial statement is dictum when it is " 'made during the course of delivering a judicial opinion, but ... is unnecessary to the decision in the case and [is] therefore not precedential.' " *Best Life Assur. Co. v. Comm'r,* 281 F.3d 828, 834 (9th Cir.2002) (quoting *Black's Law Dictionary* 1100 (7th ed.1999)); *Cetacean Community v. Bush* 386 F.3d 1169, 1173 (9th Cir. 2004).

Meanwhile, a holding is the "court's determination of a matter of law pivotal to its decision; a principle drawn from such a decision." *Black's Law Dictionary* 737 (7th ed. 1999). While holdings that are essential to the outcome of a case will constitute binding precedent under the doctrine of stare decisis, courts frequently disregard the obiter dictum of other courts when such judicial statements could be deleted without seriously impairing the analytical foundations of the prior holding. *Sarnoff v. American Home Prod. Corp.*, 798 F.2d 1075, 1084 (7th Cir.1986).

Poleline's Motion to Remand this case to the State Court relies upon *Progressive West Ins. Co. v. Preciado*, 479 F.2d 1014 (9th Cir. 2007), in which the panel held that "[b]ecause Preciado commenced his class action lawsuit for purposes of CAFA on February 17, 2005, one day before CAFA became effective, Progressive cannot invoke CAFA's removal provision." *Id* at 1017. In holding that CAFA's removal provisions were not in effect and therefore inapplicable to the matter at hand, the panel of judges in *Progressive* decided the pivotal issue of law before it and properly remanded the action back to state court on that basis.

Having thus decided all that was necessary to remand the case, the *Progressive* court commented further on the matter. The latter judicial statements are explicitly based upon a premise that the panel held to be absent in *Preciado*, to wit, that CAFA was in effect at the

PLAINTIFF STERLING SAVINGS BANK'S RESPONSE TO
DEFENDANTS' MOTION TO REMAND - 16

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

time the action commenced.  "Even if we assumed that CAFA is applicable to Preciado's class action, we would agree with the district court's determination that Progressive lacks the authority to invoke CAFA's removal provisions."  *Id* at 1017 (emphasis added).  The *Progressive* panel's subsequent discussion regarding the specific issue of a counterdefendant's ability to remove an action under CAFA was unnecessary to its decision in the case and could easily be deleted without impairing the analytical foundations of the holding.

Consequently, this Court should find that the *Progressive* panel's discussion regarding a counterdefendant's ability to remove an action under CAFA presents a clear case of *obiter dicta* that does not bind this Court in deciding upon the validity of Sterling's removal of this action.  Where CAFA simply did not apply because it was not in effect, any further opinions of the panel regarding the application of CAFA to a hypothetical set of facts must be viewed as mere *obiter dicta*.

Rather than articulating an argument based upon firm principles of stare decisis, Poleline is instead content to argue that the *Progressive* panel's dicta was a "holding" because the Ninth Circuit and other courts purportedly characterized its opinions as such.  True, *McAtee v. Capital One, F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) does say the court "held" in *Progressive* that a counterclaim does not provide a basis for removal under CAFA.  However, "an *ipse dixit* labeling a statement as a 'holding' does not make it so."  *U.S. v. Johnson*  256 F.3d 895, 921 (9th Cir. 2001, Tashima, concurring).  *McAtee's* holding, of course was identical to *Palisades Collections LLC*: that CAFA did not apply to the lawsuit.

Poleline also cites *Palisades Collections LLC v. Shorts*, 552 F.3d 327 (4th Cir. 2008) in its argument that the Ninth Circuit's opinions on this issue are not *obiter dicta*.  (Motion to

PLAINTIFF STERLING SAVINGS BANK'S RESPONSE TO
DEFENDANTS' MOTION TO REMAND - 17

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

Remand, page 14).  Poleline reliance upon this case is curious given that the majority in *Palisades* specifically states that "The Ninth Circuit recently considered just such a situation in *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014 (9th Cir. 2007), **albeit in dicta**." *Palisades*, 552 F.3d at 334, n.4.  (emphasis added).  Thus, federal courts (including one cited by Poleline for the opposite proposition) have recognized that the Ninth Circuit panel's opinions on this matter are mere *obiter dicta*.

As demonstrated, *supra*, the Ninth Circuit's *ipsi dixit* reference to a holding fails to account for the fact that the *Progressive* court actually remanded the case on the basis that CAFA simply was not in effect at the time the action commenced.  Likewise, the court in *McAtee* remanded that case to state court based solely upon the fact that it too was commenced before CAFA's effective date.  *McAtee*, 479 F.3d at 1148.  The passing *ipsi dixit* reference to a second supposed "holding" in *Progressive* was not essential to the panel's holding in *McAtee* and similarly fails to bind this Court under established principles of stare decisis.

**5.**     **This Court Has The Power To Realign The Parties Consistent With Their Respective Interests In The Litigation.**

Even if the Court declines to adopt the more general view that CAFA extended removal authority to any interstate class action defendants, including counterclaim defendants, in this case it should nevertheless exercise its authority to sever the claims of the Class Members and realign the parties in a manner that corresponds to their actual and respective interests in the case.  As to the claims of the Class Members, which can be severed from those of Poleline, Sterling is more appropriately aligned as a defendant with the right of removal under the conflicting interpretation of CAFA's removal authority.

PLAINTIFF STERLING SAVINGS BANK'S RESPONSE TO
DEFENDANTS' MOTION TO REMAND - 18

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

There is no doubt that, in order to protect its removal jurisdiction, this Court has the power to ignore the alignment in the Complaint and realign the parties in a matter that corresponds to their actual interests in the litigation.

> As with original diversity jurisdiction, in determining whether diversity exists in cases removed from state court, the federal court has the power to align the parties according to their real interests.  The alignment in the complaint is not controlling.
>
> Thus, for example, parties joined as "defendants" in the state court action may be found aligned in interest with the plaintiff and treated as such in testing whether diversity of citizenship exists.  [*Glenmede Trust Co. v. Dow Chemical Co.* (ED PA 1974) 384 F.Supp. 423, 427]

JUDGE WILLIAM W. SCHWARZER, JUDGE A. WALLACE TASHIMA & JUDGE JAMES M. WAGSTAFFE, FEDERAL PRACTICE GUIDE: CIVIL PROCEDURE BEFORE TRIAL (The Rutter Group 2005) ¶ 2:669, p. 2D-34.

To this end, the Ninth Circuit has recognized that "Courts may realign parties, according to their ultimate interests, whether the realignment has the effect of conferring or denying subject matter jurisdiction on the court." *Smith v. Salish Kootenai College* 434 F.3d 1127, 1133 (9th Cir. 2006), citing *Standard Oil Co. of Cal. v. Perkins,* 347 F.2d 379, 382 (9th Cir.1965).  In doing so, the court should "look beyond the pleadings to the actual interests of the parties respecting the subject matter of the lawsuit" and jurisdiction "cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants."  *City of Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 69 (1941) (quotations omitted).  Instead, a court must realign the parties in order to protect its judgments against artful pleading and ensure an actual "collision of interest."  *Id.* (quoting *Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co.,* 197 U.S. 178, 181 (1905)); *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).  The court should determine

PLAINTIFF STERLING SAVINGS BANK'S RESPONSE TO
DEFENDANTS' MOTION TO REMAND - 19

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

the "collision of interest" by reference to the "principal purpose of the suit" and not mere "mechanical rules." *Chase,* 314 U.S. at 69-70.

As to the Class Members in the instant action, the principal purpose of their suit is the legality of the 365/360 method of interest rate computation alleged to be utilized by Sterling in thousands of loans in multiple states; not the foreclosure action against Poleline that Sterling originally filed in the State Court.  Sterling has no "collision of interest" with the Class Members outside of the interstate class action claims, which properly belong in federal court.  Moreover, Sterling never filed suit against the Class Members, who are not original defendants in this matter.  In order to properly align the Class Members, this Court should look outside of the original pleadings and find that their class action claims targeting Sterling can (and should) be severed from those of Poleline.  Moreover, this Court should realign the parties to reflect the fact that Sterling is, in reality, a defendant for purposes of the class action.

If this case was merely a dispute between the original named parties, Sterling and Poleline, then Sterling would concede that the current alignment is appropriate and that the State Court (where Sterling brought a foreclosure suit, not a class action) properly enjoys jurisdiction over this case.  However, the facts in this case dictate a different result.  The Class Members are not original parties to Sterling's Complaint and the principal purpose of the Class Members' action is to recover damages allegedly caused by the 365/360 method of interest rate computation.   Poleline's interest in that action is relatively small because, based upon the value of Poleline's defaulted loan obligations, their share of the alleged damages is unlikely to exceed $1,500.00.

PLAINTIFF STERLING SAVINGS BANK'S RESPONSE TO
DEFENDANTS' MOTION TO REMAND - 20

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

Based upon the foregoing, the most logical alignment of the parties would dictate that the target of the Class Members' suit, Sterling, is the appropriate defendant.  As to the claims of the Class Members, Sterling's appropriate alignment as a defendant would satisfy even Poleline's misguided reading of CAFA's removal authority.

### C.      *Poleline Is Not Entitled To A Default Judgment Against Sterling..*

In its Motion to Remand, Poleline argues that Sterling has failed to comply with the time limitations for filing an answer to Poleline's August 20, 2010 class action counterclaims. Motion to Remand at 14-16.

While Idaho R. Civ. P. 12(a) grants a counterclaim defendant 20 days to file an answer, Idaho R. Civ. P. 55(a)(1) provides that, in order to receive a default judgment against a party that has made an appearance in the matter, notice must be given three days prior to the hearing.  Under Rule 55(a)(1), Poleline may not have a default judgment entered against Sterling if the latter has plead or otherwise defended against the counterclaims.  Thus, under Idaho's Rules, Sterling may still answer Poleline's Amended Counterclaims at any time prior to entry of a default judgment.

Prior to receiving Poleline's Motion to Remand, Sterling was not given any notice that Poleline intended to pursue a default judgment.  Since that time, and prior to any hearing on the matter of default, Sterling filed its answer to Poleline's counterclaims with this Court.  Thus, Poleline would not be entitled to a default judgment under the Idaho Rules of Civil Procedure.

So too under the Federal Rules of Civil Procedure.  FRCP 55 is substantially similar to Idaho R. Civ. P. 55, with important exceptions relevant to the case at bar.  Specifically, FRCP 55(b)(2) provides that, "[i]f the party against whom a default judgment is sought has appeared

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."  Poleline has never provided Sterling with written notice of its application for a default judgment in this matter and has not moved for an order of default.  Moreover, Sterling has now responded to Poleline's Amended Counterclaims and an entry of default is not warranted under FRCP 55.

## IV.  CONCLUSION

For the reasons stated herein, this Court should deny Poleline's Motion to Remand this case to the District Court of the First Judicial District of the State of Idaho, in and for the County of Kootenai.  CAFA was intended to open the doors of federal court to *any* class action defendant, including counterclaim defendants.  The plain language of CAFA confirms this interpretation of 28 U.S.C. § 1453(b) and the Ninth Circuit has never pronounced a contrary holding.  Even if this Court disagrees with this interpretation of CAFA as a general matter, it should nevertheless sever the claims of the Class Members and realign the parties, with Sterling as defendant, in a manner that would satisfy even Poleline's reading of CAFA's removal authority.

DATED this 8th day of November, 2010.

WITHERSPOON, KELLEY, DAVENPORT
& TOOLE, P.S.


By:  _/s/ Leslie R. Weatherhead_____
     Leslie R. Weatherhead, ISB No. 3916
     M. Gregory Embrey, ISB No. 6045
     *Attorneys for Sterling Savings Bank*

PLAINTIFF STERLING SAVINGS BANK'S RESPONSE TO
DEFENDANTS' MOTION TO REMAND - 22

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and sent a Notice of Electronic Filing to the following person(s):

KEVIN P. HOLT
Wetzel, Wetzel & Holt, P.L.L.C.
618 N 4th St., Ste. 2
Coeur d'Alene, ID  83814

KEVIN L. OUFNAC
Kahn Swick & Foti, LLC
206 Covington Street
Madisonville LA 70447

/s/ Emily Rousseau
Emily Rousseau

PLAINTIFF STERLING SAVINGS BANK'S RESPONSE TO
DEFENDANTS' MOTION TO REMAND - 23

WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS & COUNSELORS
1100 U.S. BANK BUILDING
422 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201-0300
(509) 624-52